# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

**UNITED STATES**

**v.**

**Jordan D. ISAAC**
**Lieutenant (O-3), U.S. Coast Guard**

**CGCMG 0184**

**Docket No. 1179**

**19 August 2003**

General Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at Alameda, California, on 21 November 2002.

| | |
|---|---|
| Military Judge: | LTC Michael Hargis, JAGC, USA |
| Trial Counsel: | LT Michelle C. Bas, USCG |
| Assistant Trial Counsel: | LT Shawn C. Gray, USCG |
| Civilian Defense Counsel: | Eugene R. Fidell, Esquire |
| Detailed Defense Counsel: | LCDR Andrew J. Osorno, JAGC, USN |
| Assistant Defense Counsel: | LT James S. Sanzi, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG[1] |
| | LCDR Nancy J. Truax, USCG[2] |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

**BEFORE**
**PANEL EIGHT**
**BAUM, PALMER, & CAHILL**
Appellate Military Judges

CAHILL, Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to a pretrial agreement, Appellant entered pleas of guilty to one specification of simple assault in violation of Article 128, Uniform Code of Military Justice (UCMJ) as a lesser included offense of a charge and specification of indecent assault under Article 134, UCMJ, and to three specifications of conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ. The simple assault involved Appellant's acts toward a female fireman (E-3) who was asleep in a female berthing area aboard USCGC MUNRO (WHEC 724) in the early morning hours during a port

---

[1] CDR Good filed the assignment of errors and brief in this case.
[2] On 9 July 2003, this Court granted CDR Good's motion to withdraw as Appellate Defense Counsel and acknowledged the appearance of LCDR Truax as the new detailed Appellate Defense Counsel.

call in Kodiak, Alaska. The Article 133, UCMJ, violations involved Appellant "forcefully" (sic) picking up and spinning a female petty officer (E-4), "forcefully" (sic) picking up and carrying a female seaman apprentice (E-2) approximately thirty feet, and "forcefully" (sic) picking up and carrying a female petty officer (E-5) on his shoulder. The latter three acts occurred during port calls in Mazatlan, Mexico and San Diego, California. At the time of each of the offenses, Appellant was assigned as operations officer, third-highest ranking officer, on board USCGC MUNRO, a high endurance cutter with a mixed-gender crew of approximately 160. The military judge accepted Appellant's pleas, entered findings of guilty, and sentenced Appellant to a reprimand and dismissal from the service. The Government, as required by the pretrial agreement, withdrew a number of other charges and did not attempt to prove the charge of indecent assault to which Appellant pled not guilty. The Convening Authority approved the sentence as adjudged. The pretrial agreement required disapproval of fines or forfeitures of over $5,000 and all confinement, but allowed approval of a dismissal, lesser forms of restraint, and other lawful punishments.

On appeal, Appellant asserts that the dismissal is inappropriately severe punishment for the offenses of which he was convicted, and asks us to exercise our authority to disapprove a sentence under Article 66(c), UCMJ. Although we agree that dismissal is a severe punishment, we do not find it to be inappropriately severe in this case. Therefore, we decline to modify the sentence, and we affirm the findings and sentence as adjudged and approved by the Convening Authority.

We find, without further discussion, that the record supports Appellant's pleas of guilty to the charge and specifications of conduct unbecoming an officer and a gentleman. However, we will address the simple assault charge. Prior to accepting Appellant's pleas, the military judge conducted an inquiry as required by *United States v. Care*, 18 USCMA 535, 40 CMR 247 (C.M.A. 1969). In response to questions about the simple assault, Appellant admitted that he entered a female berthing area at approximately 0130 while USCGC MUNRO was inport at Kodiak, Alaska, to awaken Fireman B. and invite her to accompany him to a local club. He admitted that he knew the female berthing area was "off limits" to male officers and crewmembers at that time of night, and that he had no official reason to enter. Moreover, there is no indication in the record that they had a prior social relationship. By his statements under oath and a stipulation of fact, he admitted that he touched Fireman B.'s stomach and leg to awaken her.[3]

Following acceptance of Appellant's pleas and announcement of findings, the Government called Fireman B. as a witness during its sentencing case. She testified that she awakened to find Appellant's hand inside her pajama pants, approximately three to four inches below her navel. She pushed Appellant's hand away, and he then grabbed her foot. She then kicked him and he left her berthing area. Fireman B. testified that she felt scared, shocked, and betrayed by Appellant's conduct, and she immediately sought assistance and reported his actions. Appellant was transferred from USCGC MUNRO the following day. Other members of the crew also testified that Appellant's act had a significant negative impact on crew morale, and

---

[3] The record shows that the military judge questioned Appellant at some length to ensure that his conduct went beyond merely attempting to "attract the other's attention". *See* Manual for Courts-Martial, Pt. IV, ¶ 54.c.(2)(d) (MCM) (2002 ed.).

created a climate of mistrust. The military judge had the opportunity to observe these witnesses, assess their credibility, and determine the appropriate weight to give their testimony when imposing sentence.

The military justice system has long recognized that commissioned officers "have special privileges and hold special positions of honor, [and] it is not unreasonable that they be held to a high standard of accountability." *United States v. Means*, 10 M.J. 162, 166 (C.M.A. 1981). The Navy-Marine Corps Court "recognized that commissioned officers enjoy a unique, 'special position of trust and duty.'" *United States v. Tedder*, 18 M.J. 777, 781 (N.M.Ct.Crim.App. 1984). Additionally, Rule for Courts-Martial (RCM) 1003(b)(8)(A) permits dismissal of an officer for any offense, even if an enlisted member would not face a punitive discharge for the same conduct.

Appellant abused his position and violated that trust when he entered Fireman B.'s berthing area and placed his hand on her while she was sleeping. His actions, as the third highest ranking officer aboard CGC MUNRO, negatively affected his unit and reflect discredit on the Coast Guard officer corps. As Fireman B. testified at trial, "It's not right." We agree, and believe that Appellant, as a commissioned officer, should properly be held to a high standard of accountability. Therefore, we find that a sentence of reprimand and dismissal is not inappropriate or excessive despite Appellant's prior record of positive performance.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence as approved below are affirmed.

Chief Judge BAUM and Judge PALMER concur.



For the Court

Roy Shannon Jr.
Clerk of the Court

3