# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Joseph P. BURRIS III
### Yeoman Second Class (E-5), U.S. Coast Guard

## CGCMS 24241

## Docket No. 1180

## 16 January 2004

Special Court-Martial convened by Commanding Officer, Coast Guard Marine Safety Office, Philadelphia. Tried at Norfolk, Virginia, 30 August 2002.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LT Bart K. Tomerlin, USCGR |
| Detailed Defense Counsel: | LT Shirley E. Roman, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG[*] |
| | LCDR Nancy J. Truax, USCG[**] |
| Appellate Government Counsel: | CDR Duane R. Smith, USCG |

## BEFORE
## PANEL NINE
## BAUM, PALMER, & McCLELLAND
Appellate Military Judges

PALMER, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of attempted importation into the customs territory of the United States of 500 milligrams of Methandrostenolone, a Schedule III controlled substance, in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of dereliction of duty, in violation of Article 92, UCMJ; one specification of making a false official statement, in

---

[*] CDR Good filed the assignment of error and brief in this case.
[**] LCDR Truax filed a supplemental brief and orally argued the case.

violation of the of Article 107, UCMJ; one specification of larceny in violation of Article 121, UCMJ; three specifications of making and uttering worthless checks in violation of Article 123a, UCMJ; and two specifications of dishonorable failure to pay debts, in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 120 days, and reduction to E-1, which the Convening Authority approved, as permitted by the pretrial agreement.

Before this Court, Appellant has assigned one error, that his pleas of guilty to dishonorable failure to pay debts were not provident because the judge failed to define "dishonorable" conduct, failed to elicit facts from Appellant to establish that his conduct was dishonorable, and failed to resolve inconsistencies between Appellant's statements and his guilty pleas. In response, the Government contends that Appellant's pleas were provident when viewed in the context of the entire record. This Court heard oral argument on the issues on 11 September 2003.

The elements of the offense of dishonorably failing to pay a debt under Article 134, UCMJ, are:

> (1) That the accused was indebted to a certain person or entity in a certain sum;
> (2) That this debt became due and payable on or about a certain date;
> (3) That while the debt was still due and payable the accused *dishonorably* failed to pay this debt (emphasis added); and
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Manual for Courts-Martial (MCM), Pt. IV, ¶ 71.b, United States (2000 ed.).[1]

The military judge correctly recited a listing of these elements to the Appellant, who acknowledged that he understood them and that they accurately described what happened. R. at 57-59. However, the military judge never defined the element of dishonor as it applied to

---

[1] The 2000 ed. of the Manual for Courts-Martial was the Manual in effect at the time of the offenses.

Appellant's offenses. The MCM states, "More than negligence in nonpayment is necessary. The failure to pay must be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations." MCM, Pt. IV, ¶ 71.c, United States, (2000 ed.).

### Applying *Redlinski* and *Bullman* to Appellant's Guilty Pleas

In *United States v. Redlinski,*

> [a] military judge, sitting as a special court-martial, convicted the Appellant, pursuant to his pleas, of attempted wrongful distribution of marijuana, wrongful possession of marijuana, wrongful use of marijuana, wrongful use of marijuana while on board a vessel used by the armed forces, wrongful distribution of marijuana, and wrongful distribution of marijuana while on board a vessel used by the armed forces in violation of Articles 80 and 112a, Uniform Code of Military Justice.

*United States v. Redlinski,* 58 M.J. 117, 118 (C.A.A.F. 2003). "[A]lthough the military judge advised the Appellant of the elements of the intended offense, he failed to explain explicitly to the Appellant any of the four elements of the offense of attempt." *Redlinski*, 58 M.J. at 119. The Appellant was never advised that the offense required that he commit an "overt act," with "specific intent," and that the act amount "to more than mere preparation" and apparently tend "to effect the commission of the intended offense." 58 M.J. at 119. "Nor did the record reflect that the Appellant understood all of these concepts." *Id*. at 119. The issue before the Court of Appeals for the Armed Forces was "[w]hether the military judge erred by failing to adequately explain the elements of attempted distribution of marijuana to Appellant, thereby rendering his pleas of guilty to that offense improvident." *Id*. at 118. The Court held:

> For this Court to find a plea of guilty to be knowing and voluntary, the record of trial "must reflect" that the elements of "each offense charged have been explained to the accused" by the military judge. *United States v. Care,* 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969). *See* Art. 45(a), UCMJ, 10 U.S.C. § 845(a) (2002); R.C.M.

> 910(c)(1). If the military judge fails to do so, he commits reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Jones,* 34 M.J. 270, 272 (C.M.A.1992). Rather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially. *Id.; United States v. Pretlow,* 13 M.J. 85, 88 (C.M.A.1982); *United States v. Kilgore,* 21 C.M.A. 35, 37, 44 C.M.R. 89 (1971).

*Id.* at 119.

In *United States v. Bullman*, the Court of Appeals for the Armed Forces held that because the military judge failed to define dishonorable conduct with respect to a particular debt, failed to elicit a factual predicate for dishonorable conduct regarding the debt, and failed to resolve the inconsistencies between Appellant's responses and his guilty plea, Appellant's guilty plea to that offense was improvident. *United States v. Bullman*, 56 M.J. 377, 383 (C.A.A.F. 2002). However, unlike the instant case, the military judge did define "dishonorable" as it applied to four other specifications of dishonorably failing to maintain sufficient funds in his bank for payment of checks or drafts. *Bullman,* 56 M.J. at 378. As with the elements of attempt in *Redlinski,* 58 M.J. at 119, determining the existence of this critical element involves complexities that cannot go unmentioned.

The Government notes the three bases of attack on the guilty pleas present in both *Bullman* and the instant case, but distinguishes our case from *Bullman*. 56 M.J. at 382. While conceding that the military judge failed to explain what constitutes dishonorable conduct with regard to both specifications of dishonorably failing to pay debts, the Government says the similarity between the two ends there. According to the Government, the facts of record reflect a grossly indifferent attitude by Appellant toward just obligations, establishing Appellant's conduct as dishonorable. Moreover, from the Government's perspective, statements inconsistent with a guilty plea found in *Bullman* are not present here. *Id*. at 382. Accordingly, the Government argues that the military judge's failure to define dishonorable is not grounds for overturning Appellant's voluntarily entered pleas of guilty when the record reveals that

Appellant admitted facts necessary to establish the charges, expressed a belief in his own guilt, and did not cause facts to remain in the record that are inconsistent with the guilty pleas. We disagree with the Government's conclusions. The facts developed during the plea inquiry reveal debts that were due and not paid on time, with the Appellant taking no affirmative steps to contact the creditors to arrange a payment plan, but, as expressed in *Bullman*, this does not establish conduct that can be described as "characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude." *Id*. at 382. (Citing MCM, Pt. IV, ¶ 71.c, United States, (2000 ed.). As pointed out by Appellant in his brief, the first time he was approached about his debt to Coast Guard Mutual Assistance he made arrangements to pay with a $50 a month allotment, which he was still paying at the time of trial. These acts, according to *Bullman*, are not indicative of dishonor. *Id*. at 382. Moreover, Appellant, as in *Bullman,* made statements inconsistent with dishonorable conduct. *Id*. at 382. He stated that he simply could not pay his debts as they were due, and alluded to severe pay problems that left him unable to pay for basics, such as car insurance and his children's needs at school. While financial inability is not an affirmative defense to dishonorable failure to pay a debt, it is a relevant factor in determining dishonor. *United States v. Hilton,* 39 M.J. 97, 100 (C.M.A. 1994).

As *McCarthy v. United States*, plainly states: "a guilty plea ... cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1170, 22 L. Ed. 2d 418 (1969). As a result, the guilty plea inquiry must establish that the accused understands the elements of the offenses to which he has pled guilty. Unlike *Redlinski,* where the military judge did not explain any of the elements of the offense of attempt, in this case the military judge did recite a listing of the elements. *Redlinski,* 58 M.J. at 119. However, Appellant was never advised that his nonpayment, in order to be criminal, needed to go beyond "negligence" and "be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude towards one's just obligations." MCM, Pt. IV, ¶ 71.c, United States, (2000 ed.). Nor does the record before us evidence, either explicitly or inferentially, that the Appellant otherwise understood this critical distinction between a dishonorable failure and a negligent failure to pay a debt. Although as in *Redlinski,* "the

Appellant is not entitled to receive a hornbook review of the distinction," 58 M.J. at 119, the record does not objectively reflect that the Appellant understood that his nonpayment, in order to be criminal, needed to go beyond "negligence" and "be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude towards one's just obligations." MCM, Pt. IV, ¶ 71.c, United States, (2000 ed.). Since the record does not reflect this understanding and includes unresolved factual aspects consistent with negligence, we conclude that the Appellant did not providently plead guilty to dishonorably failing to pay debts. We reach this conclusion without deciding whether Appellant's conscious decision to use a portion of his limited financial resources for the illegal purpose of attempting to import a Schedule III controlled substance in violation of Article 80, UCMJ, in lieu of applying those funds towards payment of the debt, constitutes "distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations" consistent with this Court's analysis of the dishonorable conduct requirement in *United States v. Farence*, 57 M.J. 674, 681-682 (C.G.Ct.Crim.App. 2002). (Citing MCM, Pt. IV, ¶ 71.c, United States, (2000 ed.).

We have reviewed the record in accordance with Article 66, UCMJ and, as indicated, have determined that the pleas of guilty to Charge VIII and its two specifications are improvident. The findings of guilty to that charge and its specifications are set aside and the offenses are dismissed. The remaining findings of guilty are determined to be correct in law and fact and are affirmed. We have reassessed the sentence in light of the reduced findings of guilty, and have concluded that the military judge even on the reduced findings would not have imposed a lesser sentence. Moreover, after reassessing the sentence, we have determined that the sentence is appropriate and should be approved. Accordingly, the sentence as approved below is affirmed.

Chief Judge BAUM and Judge McCLELLAND concur.



For the Court,

Roy Shannon Jr.
Clerk of the Court