Judge BAKER
delivered the opinion of the Court.
A military judge, sitting as a special court-martial, convicted the Appellant, pursuant to his pleas, of attempted wrongful distribution of marijuana, wrongful possession of marijuana, wrongful use of marijuana, wrongful use of marijuana while on board a vessel used by the armed forces, wrongful distribution of marijuana, and wrongful distribution of marijuana while on board a vessel used by the armed forces in violation of Articles 80 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880 and 912a (2002). The Appellant was sentenced to confinement for four months, forfeiture of $600 pay per month for six months, reduction to pay grade E-l, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 100 days in accordance with a pretrial agreement. The Court of Criminal Appeals affirmed the findings and sentence, but credited the Appellant with eight days of pay because of a violation of Rule for Court-Martial 305(k)[hereinafter R.C.M.]. United States v. Redlinski, 56 M.J. 508, 521 (C.G.Ct.Crim.App.2001).
This Court granted review of the following issues:
I. WHETHER . THE MILITARY JUDGE ERRED BY FAILING TO ADEQUATELY EXPLAIN THE ELEMENTS OF ATTEMPTED DISTRIBUTION OF MARIJUANA TO APPELLANT, THEREBY RENDERING HIS PLEAS OF GUILTY TO THAT OFFENSE IMPROVIDENT.
II. WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT’S PLEAS OF GUILTY TO ATTEMPTED DISTRIBUTION OF MARIJUANA (SPECIFICATION 2 OF THE CHARGE) WHERE THE FACTS SHOW THAT APPELLANT MADE NO MORE THAN INITIAL PREPARATION TO COMMIT THE OFFENSE OF DISTRIBUTION OF MARIJUANA BEFORE BEING ARRESTED.
For the reasons stated below, we find that the military judge erred by failing to adequately explain the elements of attempted distribution of marijuana to the appellant. Because we resolve this ease on Issue I, we do not reach the second granted issue.
FACTS
During the providence inquiry, the military judge listed the elements of attempted distribution of marijuana for the appellant as follows:
Essentially that at Long Island, New York, on or about 16 February 1999[,] you attempted to distribute some amount of marijuana, a controlled substance. Again, that you actually knew you attempted to distribute the substance, that you actually knew that the substance you attempted to distribute was marijuana or of a contraband nature, and that the distribution, if completed, would have been wrongful.
Record at 194.
The Appellant then admitted to the military judge that he had agreed to buy marijuana for a fellow sailor, accepted $300 from that sailor to make the purchase, and drove off in his car with the intent to consummate the sale. Shortly thereafter, the Appellant’s car was stopped by law enforcement agents, and the Appellant was apprehended. No marijuana was ever purchased. The Appellant now asserts that his plea was improvident because the military judge failed to adequately explain the elements of attempted wrongful distribution of marijuana.
*119 DISCUSSION
For this Court to find a plea of guilty to be knowing and voluntary, the record of trial “must reflect” that the elements of “each offense charged have been explained to the accused” by the military judge. United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969). See Art. 45(a), UCMJ, 10 U.S.C. § 845(a) (2002); R.C.M. 910(c)(1). If the military judge fails to do so, he commits reversible error, unless “it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.” United States v. Jones, 34 M.J. 270, 272 (C.M.A.1992). Rather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially. Id.; United States v. Pretlow, 13 M.J. 85, 88 (C.M.A.1982); United States v. Kilgore, 21 C.M.A. 35, 37, 44 C.M.R. 89 (1971).
The elements of attempt are:
(1) That the accused did a certain overt act;
(2) That the act was done with specific intent to commit a certain offense under the code;
(3) That the act amounted to more than mere preparation; and
(4) That the act apparently tended to effect the commission of the intended offense.
Manual for Courts-Martial, United States (2002 ed.) Part IV, at para. 4(b). In this case, although the military judge advised the Appellant of the elements of the intended offense, he failed to explain explicitly to the Appellant any of the four elements of the offense of attempt. The Appellant was never advised that the offense requires that he commit an “overt act,” with “specific intent,” and that the act amount “to more than mere preparation” and apparently tend “to effect the commission of the intended offense.” Nor does the record reflect that the Appellant understood all of these concepts.
Unlike some simple military offenses, attempt is a more complex, inchoate offense that includes two specific elements designed to distinguish it from mere preparation. See United States v. Byrd, 24 M.J. 286, 288-90 (C.M.A.1987). See also United States v. Schoof, 37 M.J. 96, 103 (C.M.A.1993). The distinction between preparation and attempt has proven difficult for courts and scholars alike. See United States v. Church, 32 M.J. 70, 72 (C.M.A.1991); Wayne R. LaFave, Criminal Law 544-552 (3d ed.2000)(discussing four tests, to include “The Proximity Approach,” “The Probable Desistance Approach,” “The Equivocality Approach,” and “The Model Penal Code Approach.”). Although the Appellant is not entitled to receive a hornbook review of the distinction, the record must objectively reflect that the Appellant understood that his conduct, in order to be criminal, needed to go beyond preparatory steps and be a direct movement toward the commission of the intended offense. Pretlow, 13 M.J. at 87-89. Because the record before us does not evidence, either explicitly or inferentially, that the Appellant understood the distinction or that he had sufficient knowledge of any of the four elements of attempt, we conclude that the Appellant’s plea of guilty to attempted distribution of marijuana was improvident.
CONCLUSION
The decision of the United States Coast Guard Court of Criminal Appeals is reversed as to Specification 2 of the Charge and as to sentence, but is affirmed in all other respects. The finding of guilty of Specification 2 of the Charge and the sentence are set aside. The record of trial is returned to the General Counsel of the Department of Transportation for remand to the Court of Criminal Appeals. That court may either dismiss Specification 2 of the Charge and reassess the sentence, or it may order a rehearing. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2002), will apply.