# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES

### v.

## Joseph P. REDLINSKI
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24171

## Docket No. 1116

## 24 June 2003

Special Court-Martial convened by Commander, Coast Guard Group Moriches. Tried at East Moriches, New York, 31 March 1999.

| | |
|---|---|
| Military Judge: | CDR Thomas R. Cahill, USCG |
| Trial Counsel: | LT Richard T. Schachner, USCG |
| Detailed Defense Counsel: | LT Brian C. Summerfield, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel | LCDR Daniel J. Goettle, USCG |

### BEFORE
### PANEL THREE
### BAUM, KANTOR, BRUCE, McCLELLAND[*]
Appellate Military Judges

Per Curiam

     On 30 October 2001, this Court issued a decision in this case, *United States v. Redlinski*, 56 M.J. 508, 521 (C.G. Ct. Crim. App. 2001), which was appealed to the Court of Appeals for the Armed Forces. On 21 February 2003, that Court reversed as to Specification 2 of the Charge and as to the sentence, but affirmed in all other respects. *United States v. Redlinski*, 58 M.J. 117 (2003). After setting aside the finding of guilty of Specification 2 of the Charge and the sentence, the Court remanded the record with direction that this Court could either dismiss Specification 2 of the Charge and reassess the sentence, or we could order a rehearing.

     Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors. He further submits that a rehearing should not be held, and that the Court should dismiss Specification 2 and reassess the sentence in accordance with the principles set forth in *United States v. Sales*, 22 M.J. 305 (1986). We agree with this recommended course of action.

---

[*] Judge McClelland did not participate in the decision.

Accordingly, Specification 2 of the Charge is dismissed and the sentence will be reassessed. The remaining findings of guilty were affirmed by our higher court. With respect to the sentence, we have concluded that a lesser sentence would not have been adjudged, even if Appellant had not been convicted of Specification 2 at trial. Moreover, we have determined that the sentence as approved below is appropriate for this Appellant and his offenses, and on the basis of the entire record should be approved. For that reason, the sentence approved below is affirmed.

For the Court,



Roy Shannon Jr.
Clerk of the Court