# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant WILLIS L. HATFIELD-REAVIS**
**United States Army, Appellant**

ARMY 20110252

Headquarters, 82d Airborne Division (trial)
Headquarters, Combined Arms Center and Fort Leavenworth (*DuBay* Hearing)
Patrick J. Parrish, Karin G. Tackaberry, and Jeffrey R. Nance, Military Judges
Colonel Lorianne M. Campanella, Staff Judge Advocate (trial)
Colonel Fred Taylor, Staff Judge Advocate (*DuBay* Hearing)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

21 December 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of five specifications of violation of a lawful general regulation, one specification of escape from custody, one specification each of wrongful use and possession of heroin, and fifteen specifications of larceny, in violation of Articles 92, 95, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 895, 912a, 921 (2006) [hereinafter UCMJ], respectively.[1] The convening authority approved the adjudged sentence of a bad-conduct discharge,

---

[1] One specification of failure to go to appointed place of duty in violation of Article 86, UCMJ, was dismissed with prejudice on government motion.

confinement for twenty-two months, total forfeiture of all pay and allowances, and reduction to the grade of E-1.[2]

This case is before the court for review under Article 66, UCMJ. Appellant asserts that he was denied the effective assistance of counsel in relation to matters of pretrial punishment and his pretrial agreement and also raises an additional matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). In light of appellant's assertion of ineffective assistance of counsel, we ordered a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) on 22 May 2012. The *DuBay* hearing was completed on 9 July 2012 and the military judge responsible for presiding over same completed his findings on 24 July 2012. Having reviewed the record of trial, the proceedings of the *DuBay* hearing, and the judge's associated findings, we find that appellant's assigned error lacks merit. We also find the matter raised by appellant pursuant to *Grostefon* to be without merit. However, concluding our independent review under Article 66, UCMJ, we do find that a substantial basis in law and fact exists to warrant disapproval of two of appellant's convictions for violation of a general regulation under Article 92, UCMJ, and his conviction for escape from custody under Article 95, UCMJ. *See generally United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

Under Specifications 4 and 5 of Charge II, appellant pled guilty to violating a general regulation by requesting loans of money from soldiers junior in rank to him. The 82d Airborne Division regulation in question purports to establish a blanket prohibition against the "[r]equest or accept[ance of] loans of money from [s]oldiers junior in rank or their dependents." Such a blanket prohibition is beyond the authority of any issuing official. *See, e.g.*, *United States v. Light*, 36 C.M.R. 579 (A.C.M.R. 1965); *Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶¶ 16.c(1)(c) & 14.c(2)(a)(iv); Army Reg. 600-20, Army Command Policy, para. 4-14b (18 Mar. 2008). It was error for the judge to accept the regulation as lawful in this respect and an abuse of discretion to accept appellant's plea. We therefore disapprove those findings of guilty in light of the authorities cited above.

In relation to Charge III and its Specification, appellant never admitted facts sufficient to establish a completed escape from custody. Therefore, his plea of guilty to that offense is improvident. *See United States v. White*, 39 M.J. 796, 803 (N.M.C.M.R. 1994); *MCM*, pt. IV, ¶¶ 19.c(4)(c) & (5)(c); *Inabinette*, 66 M.J. 320. We decline to approve a finding of a lesser offense of attempted escape from custody

---

[2] However, it is apparent from the record that the convening authority intended to disapprove the adjudged forfeitures and waive automatic forfeitures in accordance with Article 58(b), UCMJ. We will make the appropriate correction in our decretal paragraph.

in light of the lack of any discussion of appellant's specific intent on the record in that respect. *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003).

We therefore disapprove the findings of guilty as to Specifications 4 and 5 of Charge II and Charge III and its Specification. The remaining findings of guilty are affirmed. We resolve that, under the circumstances of this case, a rehearing on sentence is unwarranted. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we are confident that appellant would have received a sentence at least as severe as that adjudged. However, in light of the convening authority's discernible intent to ensure financial assistance to appellant's dependents under Article 58(b), UCMJ, we disapprove the adjudged forfeitures. As such, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-two months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court