# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RYAN L. BROWN**
**United States Army, Appellant**

ARMY 20110932

Headquarters, Fort Drum
John V. Imhof, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate

For Appellant:  Captain John L. Schriver, JA (argued); Lieutenant Colonel Jonathan F. Potter, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Captain T. Campbell Warner, JA (argued); Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

29 July 2013

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of attempting to wrongfully dispose of military property, one specification of conspiracy to wrongfully dispose of military property, one specification of conspiracy to obstruct justice, two specifications of wrongfully selling military property, two specifications of knowingly receiving stolen property, and one specification of obstructing justice, in violation of Articles 80, 81, 108, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 908, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, forfeiture of $978.00 pay per month for nine months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as

provided for a bad-conduct discharge, confinement for eight months, forfeiture of $978.00 pay per month for nine months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error to this court, one of which merits discussion but no relief.

## BACKGROUND

Appellant entered into an agreement with another soldier, Private First Class (PFC) CL, to sell stolen military property. In furtherance of this agreement, appellant received several mechanics' toolkits and an Aim Point M 68 CCO scope with batteries and mount from PFC CL knowing they were stolen and then solicited other soldiers to purchase the property. Shortly after appellant received the stolen property, PFC JW went to appellant's house to play Xbox. While there, appellant showed PFC JW the stolen property and offered to sell a mechanic's toolkit and scope to him. Private First Class JW declined to buy the scope but accepted the offer to buy the toolkit. He then left the house and returned later with $300.00, and appellant sold him a stolen toolkit.

As a result of his actions with respect to the scope, appellant was charged with attempting to sell stolen military property in violation of Article 80, UCMJ. The Specification of Additional Charge I alleged:

> At or near Jefferson County, New York, between on or
> about 1 December 2010 and on or about 8 February 2011,
> without proper authority, attempt to sell to Private First
> Class (E-3) J.A.W., one Aim Point M 68 CCO scope with
> batteries and mount of a value less than $500.00, military
> property of the United States.

Prior to trial, appellant entered into an agreement with the government wherein he agreed to plead guilty to all charges and specifications in exchange for a cap on his sentence to confinement. As part of this agreement, appellant entered into and signed a stipulation of fact, specifically agreeing that it could be used "by the military judge and on appeal to determine the providence of the accused's guilty pleas." In regards to Additional Charge I and its Specification, the stipulation of fact provided:

> (1) That at or near Jefferson County, New York, between on
> or about 1 December 2010 and on or about 8 February
> 2011, the accused did a certain act, that is: attempt to sell
> to Private First Class [JW], one Aim Point M 68 CCO
> scope with batteries and mount . . . by offering to sell the

Aim Point M 68 CCO scope with batteries and mount to the same Private First Class [JW];

(2) That the act was done with specific intent to commit the offense of Wrongful Sale of Military Property;

(3) That the act amounted to more than mere preparation, that is, it was a substantial step and a direct movement toward the commission of the intended offense; and

(4) That such acts apparently tended to bring about the commission of the offense of Wrongful Sale of Military Property, that is, the act apparently would have resulted in the actual commission of the offense of wrongful sale of military property except for the rejection of such offer by Private First Class [JW], which prevented completion of that offense.

At trial, consistent with the pretrial agreement, appellant pleaded guilty to all charges and specifications. In listing the elements of the attempt specification, the military judge provided the elements for the ultimate offense, wrongful disposition of military property, but did not list the specific elements of attempt. Specifically, the military judge did not define or mention the terms "substantial step" or "mere preparation."

The military judge then questioned appellant on the offense. The following is the extent of the inquiry into the offense:

MJ: Tell me what happened here.

ACC: I thought [JW] might be interested in wanting [a scope]. So I asked if he wanted to buy one.

. . . .

ACC: He said, "No."

MJ: Did you try to sell it to him?

ACC: Yes, sir.

MJ: If he had said yes, would you have sold it to him?

ACC: Yes, sir.

3

. . . .

Following this colloquy, the military judge asked counsel if they were satisfied with the inquiry. The trial counsel responded by asking the military judge to address whether appellant's actions went beyond mere preparation. The military judge continued the questioning:

> MJ: You told me you tried to sell it to him, correct?
>
> ACC: Yes, sir.
>
> MJ: And if he would have bought [it], you would have sold it to him?
>
> ACC: Yes, sir.
>
> MJ: And the only reason you didn't sell it to him was because he didn't want it?
>
> ACC: Yes, Sir.

Based on this inquiry, the military judge accepted appellant's plea of guilty to attempting to sell stolen military property.

## LAW AND DISCUSSION

Appellant now alleges there is a substantial basis to question the providency of his plea of guilty to attempting to wrongfully dispose of military property under Article 80, UCMJ. Appellant first argues the military judge failed to ensure an adequate factual basis was established to show his acts amounted to more than mere preparation. He also argues that even if an adequate factual predicate exists, there is a substantial basis to question the plea because the military judge failed to ensure appellant understood the complicated offense of attempt and how his actions amounted to a substantial step towards the ultimate crime.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis

for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).

To be guilty of an attempt, a "defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime and that a substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent." *United States v. Presto,* 24 M.J. 350 (C.M.A. 1987). Words can constitute such a step depending on the particular facts of the case. *United States v. Brantner*, 28 M.J. 941 (N.M.C.M.R. 1989). "The crucial part of the issue is whether the overt acts of the accused transcend preparation and amount to an attempt. In other words, did the accused's conduct constitute a direct movement towards the commission of the crime." *United States v. Reid*, 12 U.S.C.M.A. 497, 504, 31 C.M.R. 83, 90 (1961) (internal quotations omitted). "The line of demarcation between preparation and a direct movement toward the offense is not always clear" and "primarily, the difference is one of fact, not of law." *United States v. Gonzalez-Rodriguez*, 7 M.J. 633 (A.C.M.R. 1979).

Here, appellant admitted to knowingly receiving stolen property from his co-conspirator; showing that property to PFC JW; and offering to sell stolen property to PFC JW. Appellant also admitted he specifically intended to commit the offense of wrongful sale of military property and the completion of the offense was only prevented by PFC JW's refusal to buy the scope. Under these circumstances, appellant's actions amounted to more than mere preparation and constituted a substantial step towards the intended offense. Thus, an adequate factual predicate was established in this case. "What principally distinguishes this case . . . is the directness of these movements towards completion of the offense and the nearness of the consummation of the offense intended." *Gonzalez*, 7 M.J. at 635.

However, whether there was an adequate factual predicate established does not wholly answer the separate question of whether appellant understood how the law relates to the facts of his case. "For this Court to find a plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge." *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (quoting *Care*, 18 C.M.A. at 541, 40 C.M.R. at 253. "If the military judge fails to explain the elements to an accused, it is reversible error unless it is clear from the entire record that the

accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Jones*, 34 M.J. 270, 272 (C.M.A.1992). "Rather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially." *Redlinksi*, 58 M.J. at 119.

Here, much like in *Redlinski* and *United States v. Schell*, 72 M.J. 339 (C.A.A.F. 2013), the military judge failed to comprehensively explain the four elements of the offense of attempt. Nor did he provide any definitions, such as "mere preparation" or "substantial step." *See Redlinski*, 58 M.J. at 119 ("unlike some simple military offenses, attempt is a more complex, inchoate offense that includes two specific elements designed to distinguish it from mere preparation"). Such a failure on the part of the military judge will normally constitute reversible error. *Id*.

However, this case is readily distinguishable from *Redlinski* and *Schell* because this record objectively reflects appellant understood his actions went beyond "preparatory steps and [were] a direct movement toward the commission of the intended offense." *Id*. (citing *United States v. Pretlow*, 13 M.J. 85, 87-89 (C.M.A. 1982)). In his providence inquiry with the military judge, appellant admitted he would have sold PFC JW the scope and the only reason the transaction did not occur was because PFC JW refused the sale. Such a colloquy demonstrates appellant understood his conduct constituted a "direct movement towards the commission of the crime" and the only thing preventing the sale was refusal by the buyer. *See Reid*, 12 U.S.C.M.A. at 504, 31 C.M.R. at 90. We note that while the overt act need not be the last act essential to the consummation of the offense, this appellant admitted that his attempt was indeed that theoretical "last act."

Further, unlike in *Schell* and *Redlinski*, the stipulation of fact clearly evinces appellant's understanding of how the law relates to the facts of his case. In the stipulation of fact, appellant specifically acknowledged the four elements of attempt and admitted his offer to sell PFC JW the scope constituted more than "mere preparation, that is, it was a substantial step and a direct movement toward the commission of the intended offense and . . . the acts tended to bring about the offense." Thus, it is clear appellant understood the distinction between the two concepts and that he had sufficient knowledge of the four elements of the offense. As such, the military judge did not abuse his discretion when he accepted appellant's plea of guilty to attempt.

## CONCLUSION

On consideration of the entire record and submissions of the parties, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court