# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist FEDERICO J. TENNYSON**
**United States Army, Appellant**

ARMY 20130010

Headquarters, Fort Drum
Elizabeth Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

29 April 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BORGERDING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to go to his appointed place of duty (six specifications); going from his appointed place of duty; failing to obey a lawful general order; and wrongfully receiving stolen property in violation of Articles 86, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 138 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns one error arguing that the military judge abused her discretion by accepting appellant's plea of guilty to Specification 7 of Charge I.  The government concedes, and we agree.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law.").

Specification 7 of Charge I alleged a violation of Article 86(2), UCMJ: "In that Specialist (E-4) Federico J. Tennyson, U.S. Army, did at or near Fort Drum, New York, on or about 1 July 2012, go from his appointed place of duty, to wit: 1740 hours, extra duty, located at building 10210."

Although appellant was clearly charged with a violation of Article 86(2), UCMJ (going from an appointed place of duty), the military judge during the providence inquiry erroneously explained to appellant the elements of Article 86(1), UCMJ (failing to go to an appointed place of duty) with respect to Specification 7 of Charge I.[1] In response to the military judge's inquiry, appellant admitted that on 1 July 2012 at 1740 hours, he knew he was required to report for extra duty at Building 10210 as appointed by his battalion commander. Appellant further agreed with the military judge that he "failed to be present at that appointed place of duty." With respect to this specification, the stipulation of fact stated:

> On or about 1 July 2012 at 1740 hours, the accused failed to report to morning accountability formation at A Company, 4th Battalion, 31st Infantry Regiment on Fort Drum. The accused knew of his obligation to report at the aforesaid time and place as this was his place of duty as ordered by LTC [RD], Commander, 4th Battalion, 31st Infantry Regiment. The accused was ordered to the aforesaid time and place to perform extra duties as punishment imposed in accordance with Article 15, UCMJ.[2]

---

[1] Appellant pled guilty to and was convicted of multiple failures to go to his appointed place of duty in violation of Article 86(1), UCMJ (Specifications 1-6 of Charge I).

[2] The inconsistency in the stipulation of fact indicating that a time of duty at 1740 hours was a "morning accountability formation" was left unresolved.

A knowing and voluntary plea requires the military judge to explain the elements of an offense to the accused. *See United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003). Failure to do so constitutes reversible error unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Id.*

"Unlike Article 86(1), UCMJ, (failure to go to an appointed place of duty), Article 86(2), UCMJ, (going from an appointed place of duty), requires a soldier *to report* at the 'certain time and place,' then depart from that place of duty." *United States v. Gilchrist*, 61 M.J. 785, 791 (Army Ct. Crim. App. 2005). In this case, the military judge never discussed with appellant the element of Article 86(2), UCMJ, that he "without authority, went from the appointed place of duty after having reported at such place." *Manual for Courts-Martial* (2012 ed), pt. IV, ¶ 10.b(2)(c). The military judge also did not obtain an adequate factual basis to support a plea to a violation of Article 86(2), UCMJ. Rather, the record establishes that appellant never "reported at such place."[3] *See Gilchrist*, 61 M.J. at 791.

Under the facts of this case, we accept the government's concession and find there is a substantial basis in law and fact to question appellant's guilty plea to Specification 7 of Charge I.

**CONCLUSION**

The finding of guilty of Specification 7 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the error noted.

There is no dramatic change in the penalty landscape or exposure. *See Winckelmann*, 73 M.J. at 15-16. As a result of our decision, appellant's maximum sentence to confinement is reduced only from 37 months to 36 months. The nature of the remaining offenses captures the gravamen of appellant's criminal conduct. *See id.* at 16. Appellant still remains convicted of the most serious charges—the receipt of stolen property (a firearm) and the failure to obey a lawful general order

---

[3] With the agreement of the parties, the military judge could have amended Specification 7 of Charge I to reflect appellant failed to go to his appointed place of duty in violation of Article 86(1), UCMJ, and found appellant guilty of the amended specification. *See* R.C.M. 603(d); *Gilchrist*, 61 M.J. at 791 n.10. However, this did not occur.

by hiding this firearm in the ceiling tiles of the company area—as well as six additional specifications of failure to go to his appointed place of duty. Despite facing a maximum sentence to confinement of 37 months, the military judge sentenced appellant to only, *inter alia,* five months confinement. Since appellant was tried by a judge alone, we are confident of the sentence the military judge would have imposed for these military specific and service discrediting offenses. *See id.*

The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court