CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, MORAN, and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ADAM J. HALL**
**United States Army, Appellant**

ARMY 20130217

Headquarters, Fort Bliss
Timothy P. Hayes, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

23 July 2014

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave, two specifications of willfully disobeying a superior commissioned officer, and two specifications of wrongful distribution of a controlled substance, in violation of Articles 86, 90, and 112a*, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 912a** (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, and forfeiture of $1,000 per month for eleven months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for six months, and forfeiture of $1,000 per month for eleven months. The convening authority credited appellant with eight days of pretrial confinement credit.

* Corrected

** Corrected

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error which merits discussion and relief. Specifically, appellant alleges he did not enter provident guilty pleas for the two Article 90, UCMJ, violations because the military judge failed to define "on divers occasions" thereby resulting in a substantial basis in law or fact to question appellant's guilty plea to that language. We agree. We find one additional issue meriting discussion and relief. In particular, we find that the military judge abused his discretion by accepting appellant's guilty plea to Specification 1 of Charge II, Article 90.

## BACKGROUND

While serving extra duty and pending an administrative discharge, appellant distributed controlled substances.[1] Upon learning this information, appellant's company commander, Captain (CPT) MB, ordered appellant to sign into the CQ desk *every two hours* - on duty days starting at 1700 and ending at 2200 and on non-duty days starting at 0600 and ending at 2200. This verbal and written order took effect on 19 October 2012. During the counseling session where the order was issued, appellant's commander stated he would re-evaluate the sign-in order in 72 hours.

After 72 hours passed, appellant asked his immediate supervisor, Staff Sergeant (SSG) M, if he would ask his commander about the status of the order. Staff Sergeant M told appellant he would do so when he had time. After waiting a few more days, without hearing from either SSG M or his commander, appellant took it upon himself to stop signing in.

On 15 November 2012, almost a month after the initial order, CPT MB gave appellant a second, more restrictive order. He restricted appellant to the battalion area – ordering the same two hour sign-in requirements. Captain MB again gave the order in writing telling appellant the more restrictive order was necessary because either appellant had difficulty following orders or he was not taking him seriously. For a second time, after 72 hours, appellant again stopped complying with CPT MB's order.

## LAW AND DISCUSSION

We review a military judge's decision to accept a plea of guilty "for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The military judge is charged with determining whether there is an adequate basis in law and fact to

---

[1] This misconduct formed the basis for appellant's two convictions for wrongfully distributing marijuana and cocaine, in violation of Article 112a, UCMJ.

support the plea before accepting it. *Inabinette*, 66 M.J. at 321–22, (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea of guilty for an abuse of discretion by determining whether the record as a whole demonstrates a substantial basis in law and fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

### *On Divers Occasions*

Here, appellant was charged with and plead guilty to, *inter alia*, two specifications of willfully disobeying CPT MB *on divers occasions*, in violation of Article 90. During the providence inquiry, the military judge failed to define or explain the term "on divers occasions." He also failed to expressly inquire into whether appellant understood or agreed with the proposition that he willfully disobeyed CPT MB on separate and discreet *divers occasions* concerning each specification.

It is not enough to elicit legal conclusions. The military judge must also elicit the necessary facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense . . . to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). "The fundamental requirement of a guilty plea inquiry under *Care* and R.C.M. 910 involves a dialogue between the military judge and the accused, in which the military judge poses questions about the nature of the offense and the accused provides answers and explanations that describe his personal understanding of the criminality of his or her conduct." *United States v. Medina*, 72 M.J. 148, 149 (C.A.A.F. 2013) (quoting *United States v. Hartman*, 69 M.J. 467, 469 (C.A.A.F. 2011)).

Our superior court has advised:

> [t]o find a plea of guilty to be knowing and voluntary, the record of trial "must reflect" that the elements of "each offense charged have been explained to the accused" by the military judge. If the military judge fails to do so, he commits reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." Rather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially.

3

*United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (citations omitted).

The facts at hand present a close call. While we agree with the proposition that for each specification, appellant *could* be guilty of disobedience for each two hour juncture he failed to sign in, we find the factual inquiry falls short in establishing appellant's knowing factual predicate for "on divers occasions." Appellant stated during the providence inquiry that he simply "stopped" following the order. Appellant did not admit he understood he willfully disobeyed CPT MB's order more than once (for each specification).[2]

Accordingly, we find a substantial basis in law and fact to question the providence of appellant's guilty plea to "on divers occasions" for Specifications 1 and 2 of Charge II and will amend the specifications in our decretal paragraph.

### *Willful Disobedience*

Appellant was charged with two specifications of willful disobedience. We find a substantial basis in law and fact to question the providency of appellant's guilty plea as to the Specification 1 of Charge II, the first occasion appellant disobeyed CPT MB's order.

The nature of the disobedience as contemplated in Article 90, UCMJ, versus that of Article 92, UCMJ, is markedly different. "'Willful disobedience' is an intentional defiance of authority." *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶14.c.(2)(f). "Failure to comply with an order through heedlessness, remissness, or forgetfulness is not a violation [of Article 90], but may violate Article 92." *Id.* This defiant brand of disobedience has been described as a "personal affront to [the issuing authority's] dignity," *United States v. Byers*, 40 M.J. 321, 324 (C.M.A. 1994) (citation omitted), and an "express defiance . . . [amounting] to a direct attack on the integrity of any military system." *United States v. Pettersen*, 17 M.J. 69, 72 (C.M.A. 1983) (citation omitted). We conclude then that willful disobedience must be more than simply intentional disobedience.

Here, the military judge listed the appropriate elements and defined "willful disobedience" as "an intentional defiance of authority." The factual basis provided by appellant during the providence inquiry, however, supports only a finding of guilty to failure to obey an order under Article 92.

---

[2] To assist in our review of the adequacy of the plea, we analyze the stipulation of fact. We find that the stipulation of fact does not further the inquiry regarding the point of divers occasions.

Appellant's commander issued an order to appellant on 19 October 2012 to sign in every two hours. Appellant understood his commander would review the order in 72 hours. Appellant inquired into the status of the order after 72 hours passed, but received no response from his chain of command. In fact, contrary to an indication that the limitations would be revisited shortly, the chain of command failed to do so. Nevertheless, appellant continued to follow the order for a few more days until he decided to stop following the order. CPT MB did not address appellant's failure until three weeks after appellant stopped signing in.

Signing in every two hours is an onerous tethering requirement significantly restricting a soldier's freedom. Appellant followed the order for approximately a week expecting his commander's review of the order – which did not happen. Appellant's disobedience did not occur immediately on the heels of the order. Appellant acknowledged that either his commander did not know he stopped following the order or the commander did not care. While appellant's failure is clearly intentional, we find under the circumstances presented herein, appellant's disobedience does not reflect an intentional defiance of authority. The better view of appellant's conduct is appellant failed to obey CPT MB's order. Accordingly, with respect to the charge of willful disobedience, we will affirm only a finding of guilty to the lesser included offense of failure to obey an order in violation of Article 92. *See United States v. Ranney*, 67 M.J. 297, 298-99 (C.A.A.F. 2009); *United States v. Wartsbaugh*, 21 U.S.C.M.A. 535, 541, 45 C.M.R. 309, 315 (1972).

However, except for the "on divers occasions" language noted above, appellant's guilty plea to the second, later Article 90 violation was providently entered. Appellant specifically acknowledged one reason CPT MB gave appellant the second, more restrictive command was that appellant was not taking him seriously. Appellant's subsequent disobedience is precisely the express defiance amounting to a direct attack on the integrity of the military system that Article 90 prohibits. *See Pettersen*, 17 M.J. at 72.

**CONCLUSION**

Upon consideration of the entire record, we affirm only so much of Specification 1 of Charge II as extends to the lesser included offense of failure to obey an order in violation of Article 92(2), UCMJ, as follows:

> In that Private Adam J. Hall, U.S. Army, having knowledge of a lawful order issued by CPT MB to sign in at the CQ desk every two hours at 1700 and ending at 2200 on duty days and starting at 0600 and ending at 2200 on non-duty days, an order which it was his duty to obey, did, at or near Fort Bliss, Texas, between on or about 26 October 2012 and on or about 15 November 2012, fail to obey the same by not signing into the CQ desk.

5

HALL—ARMY 20130217

We only affirm so much of Specification 2 of Charge II as follows:

> In that Private Adam J. Hall, U.S. Army, did, at or near Fort Bliss, Texas, having received a lawful command from CPT [MB], a superior commissioned officer, then known by the said PVT Hall to be his superior commissioned officer, to sign in at the CQ desk every two hours at 1700 and ending at 2200 on duty days and starting at 0600 and ending at 2200 on non-duty days, did between on or about 15 November 2012 and on or about 20 November 2012, willfully disobey the same.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence as appellant was tried at a special court-martial. Second, appellant pleaded guilty in a judge-alone court-martial. Third, while the specifications at issue reflect serious misconduct, the gravamen of appellant's misconduct was distributing controlled substances. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge TOZZI and Judge MORAN concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

6