# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ALEXANDER LENHART**
**United States Army, Appellant**

ARMY 20130116

Headquarters, I Corps
Stefan Wolfe and Kurt Bohn, Military Judges
Colonel William R. Martin, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Major Robert N. Michaels, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Major John Choike, JA; Captain Timothy C. Erickson, JA (on brief).

22 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of possession of child pornography and one specification of possession of multiple digital images of a sexual nature depicting a minor or minors [hereinafter child erotica], in violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority only approved a bad-conduct discharge, confinement for 180 days, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. In his sole assignment of error appellant asserts that Specification 2 of The Charge is void for vagueness because appellant was not given fair notice that the charged conduct of possessing child erotica was forbidden and subject to criminal sanction.

We find that the military judge abused his discretion in accepting appellant's plea to Specification 2 of The Charge and take corrective action on that basis, rendering it unnecessary to reach the merits of appellant's assignment of error.

## BACKGROUND

Appellant pled guilty to one specification of possession of child pornography, and one specification of possession of child erotica. The military judge began appellant's guilty plea inquiry by correctly defining the offense of possession of child pornography, and he then engaged in a colloquy with appellant, in which appellant provided a factual and legal basis for the military judge's finding of guilty on that specification. Next, the military judge defined the offense of possession of child erotica to appellant, as follows:

> On or between 12 August 2011 and 9 September 2011 at or near Joint Base Lewis-McCord, Washington, the accused knowingly and wrongfully possessed multiple digital images of a sexual nature depicting a minor or minors and that under the circumstances the conduct of Private Lenhart, the accused, was to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces.

After further defining conduct prejudicial to good order and discipline and service discrediting conduct, the following colloquy occurred:

> MJ: Now when I asked you about this before when you were charged with a sexual nature depicting minors, do you remember my discussion of the definition of lascivious? [Referring to the military judge's earlier definition of child pornography, which included a comprehensive definition of lascivious exhibition of the genitals or pubic area of any person].
>
> ACC: Yes, Your Honor.
>
> MJ: It means exciting of sexual desires or marked by lust, correct?
>
> ACC: Yes, Your Honor.
>
> MJ: And that not every exposure to the genitals or the pubic area constitutes a lascivious exhibition, correct?

ACC:  Yes, Your Honor.

MJ:  All right.  But if the consideration of the overall content of the visual depiction should be made and determined to constitute a lascivious exhibition, do you remember that?

ACC:  Yes, Your Honor.

MJ:  All right.  And the facts we talked about was the focal point of the imaging and the photographs, correct?

ACC:  Yes, Your Honor.

After receiving a factual predicate for why appellant's conduct was prejudicial to good order and discipline and service discrediting, and establishing that the children in the images were real children, the colloquy continued:

MJ:  All right.  Tell me in a general sense what sort of activities the children engaged in that was considered child erotica to you?

ACC:  Your Honor, I believe it to be classified as child erotica in the sense that there was a general focus on the genitalia.

The military judge then proceeded to discuss the attire of the children in the images with the appellant, and that the attire would be "inappropriate for a child of 11, 12, 13."  The military judge then noted particular photographs that satisfy the definition of child erotica, stating that the images noted are "not the only images that the court believes would have satisfied that but will use that as a basis in the acceptance of or decision whether or not to accept the accused's plea of guilty to the erotica regarding that age group." Among the images noted on the record as constituting child erotica by the military judge is an image that clearly depicts the lascivious exhibition of the genitals (Pros. Ex. 1, encl. 3, image 04-08-033).

## LAW AND DISCUSSION

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  "The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea."  *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *Id.*).

In order for a "plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge." *United States v. Redlinski*, 58 M.J. 117, 119. (C.A.A.F. 2003) (quoting *United States v. Care*, 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969) (other citations omitted). If the military judge fails to explain each element to the appellant, "he commits reversible error, unless 'it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.'" *Id*.

In the instant case, the colloquy with appellant concerning the child erotica specification was confusing in that the military judge appeared to conflate the definitions of child pornography and child erotica. Appellant exhibited a misunderstanding of the elements of child erotica by focusing on the genitalia in explaining the factual predicate for Specification 2 of The Charge. In addition, the military judge relied upon an exhibit that clearly constituted child pornography in finding appellant guilty of child erotica. For these reasons there exists a substantial basis in law and fact to question appellant's plea to possession of child erotica.

## CONCLUSION

Upon consideration of the entire record, the finding of guilty of Specification 2 of The Charge is set aside. Specification 2 of the Charge is dismissed. The remaining finding of guilty is AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape in this court-martial. Second, appellant was sentenced by a military judge. Third, the remaining offense captures the gravamen of appellant's misconduct, and the fact that appellant possessed substantial amounts of digital images and video files containing child pornography is profound aggravation evidence. Fourth, based on our experience, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales* and *Winckelmann*, and is also appropriate under Article 66(c), UCMJ. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court